UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ORVILLE CARTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:09-CV-393-TS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Orville Carter, a prisoner proceeding *pro se*, is serving a 60-year sentence for child molestation and habitual offender adjudication in Marion County Superior Court. *State v. Carter*, 49G03-9907-CF-099435. He has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [DE 1, Petition.] The Respondent argues that the Petition is untimely and cannot be considered on the merits. [DE 12, Resp.'s Mem.] For the reasons set forth below, the Court concludes that the petition was timely filed and orders further briefing on the merits.

**FACTS**

In 1999, Carter was charged with molesting his daughter, M.C., and with being a habitual offender.[1] *Carter v. State*, 754 N.E.2d 877, 878 (Ind. 2001). After a trial, a jury found him guilty of child molestation, and he pled guilty to the habitual offender charge. *Id.* at 879. The trial court sentenced him to an aggregate term of 60 years. *Id.* Carter appealed, and the Indiana

---

[1] In deciding this habeas petition, the Court must presume the facts set forth by the state court are correct. 28 U.S.C. § 2254(e)(1). It is Carter's burden to rebut this presumption with clear and convincing evidence. *Id*.

1

Supreme Court affirmed. *Id.* Carter filed a petition for writ of certiorari with the United States Supreme Court, which was denied on October 7, 2002. *Carter v. Indiana*, 537 U.S. 831 (2002).

On June 24, 2003, Carter filed a petition for post-conviction relief with the state trial court. [DE 15-3, Post-Convict. Pet.; DE 11-7, Trial Ct. Order at 4.] In April 2006, Carter filed a motion to continue the scheduled evidentiary hearing or, alternatively, for leave to withdraw his petition without prejudice. [DE 11-2, Trial Ct. Dkt. at 24-25.] On April 6, 2006, the trial court granted the latter request, dismissed the petition without prejudice, and closed the case. [*Id.* at 25.]

On June 26, 2006, Carter filed an amended post-conviction petition. [DE 11-7, Trial Ct. Order at 4.] Following an evidentiary hearing, the trial court denied the petition. [DE 11-7, Trial Ct. Order.] The Indiana Court of Appeals affirmed. *Carter v. State*, No. 49A02-0803-PC-253 (Ind. App. Ct. Apr. 8, 2009). On July 23, 2009, the Indiana Supreme Court denied Carter's petition to transfer. [DE 11-8, App. Ct. Dkt. at 9.]

Carter filed this federal petition on August 18, 2009. [DE 1, Petition.]

## ANALYSIS

Carter's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, federal habeas petitions are subject to a one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). The time during which a properly filed application for state post-conviction relief is pending "shall not be counted toward any period of limitation" specified above. 28 U.S.C. § 2244(d)(2); *see also De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009).

In this case, Carter's conviction became final on October 7, 2002, when the United States Supreme Court denied his petition for certiorari, concluding direct review. The one-year statute of limitations began running the following day, and ran for 259 days until Carter filed his post-conviction petition on June 24, 2003,[2] tolling the limitations period under § 2244(d)(2). The limitations period remained tolled through and including April 6, 2006, when the state trial court dismissed Carter's post-conviction petition without prejudice and closed the case. Another 80 days of the limitations period ran before Carter filed his amended post-conviction petition on June 26, 2006, again tolling the limitations period under § 2244(d)(2). The limitations period remained tolled until July 23, 2009, when the Indiana Supreme Court denied Carter's petition to

---

[2] Carter's post-conviction petition was file-stamped by the clerk on June 24, 2003. He has submitted a copy of what purports to be a state court order appointing him counsel in connection with the post-conviction proceeding and bearing the date June 23, 2003, which in his view demonstrates that the clerk's office had the post-conviction petition in its possession prior to the file-stamp date. [DE 15-7, Pet.'s Ex. E.] This document has not been properly authenticated and was not submitted as part of an official state court record. Regardless, the Court need not delve into this potential discrepancy because as is explained herein, Carter's federal petition is timely even if the June 24 date is applied.

transfer. A total of 339 days (259 plus 80) had already run on the limitations period, leaving Carter with 26 days (365 minus 339) in which to file a timely federal habeas petition. The final day fell on August 19, 2009. Carter filed the instant petition on August 18, 2009, when he tendered it to prison officials for mailing. *See Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999). The petition is therefore timely under 28 U.S.C. § 2244(d).

The Respondent did not brief the merits of the petition, instead requesting additional time to assert procedural and merits-based defenses, and to produce the full state court record, in the event this Court determined that the petition was timely filed. [DE 12, Resp.'s Mem. at 1 n.1.] Accordingly, the Court will order further briefing on the merits.

## CONCLUSION

For the foregoing reasons, the Respondent's requests for dismissal of the petition and for relief from the order requiring production of the full state court record [DE 12, 13] are **DENIED**. It is **ORDERED** that the Respondent show cause on or before June 23, 2010, why this Court should not assume jurisdiction over this timely filed petition and grant the requested relief, and that the Respondent submit the full and complete state court record.

SO ORDERED on April 30, 2010.

       s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION